UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN AIKEN, JR.,

       Plaintiff,

v.                              Case No. 3:14cv169/MCR/CJK

A. HARRISON,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon referral from the clerk. Plaintiff, a prisoner proceeding *pro se*, commenced this civil rights action on April 2, 2014, by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). On April 28, 2014, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 7). The plaintiff's *in forma pauperis* motion was found to be deficient and he was ordered to file a complete and updated motion or pay the $400.00 filing fee. (Doc. 8). Plaintiff was warned that failure to comply with the order would result in a recommendation that this case be dismissed. To date, plaintiff has not complied with the order and has not responded to the court's June 16, 2014 order (doc. 9) requiring plaintiff to show cause why this case should not be dismissed.

       Nevertheless, even if plaintiff had submitted a proper motion to proceed *in forma pauperis*, the court would not find plaintiff entitled to proceed without payment

of the filing fee.  After review of plaintiff's complaint and his prior litigation history, the court concludes that this case should also be dismissed without prejudice pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances.  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A  prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit).  The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous.  *See Aiken v. Tringali, et al.*, No. 3:06cv37-J-12TEM, 2006 WL 208768 (M.D. Fla. Jan. 26, 2006) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Respondent(s) M.D. Medical, et al.*, No. 3:07cv502-J-33TEM (M.D. Fla.

June 13, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Mr. Davis, et al.*, No. 3:07cv558-J-12HTS, 2007 WL 2002479 (M.D. Fla. July 5, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated).  The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# 638376.[1]

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g), *Brown, supra*.  Plaintiff's complaint is devoid of any allegations suggesting that he is under imminent danger of serious physical injury.  Plaintiff complains that his cell mate has assaulted him in the past and seeks–quite ambitiously–a court order releasing him from prison.[2]  Plaintiff does not indicate that the conduct is on-going or caused him any serious injury.  Plaintiff also has not pled that he has sought protection from jail personnel.  As a result, such allegations do not bring plaintiff within the "imminent danger" exception of § 1915(g).  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.     That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to comply with orders of the court.

---

[1]As noted by the United States District Court for the Middle District of Florida in dismissing, under 28 U.S.C. § 1915(g), a recent civil rights case plaintiff filed in that district:  "Plaintiff is not a stranger to the federal court system.  According to a PACER website search, Plaintiff has filed approximately sixty-seven prisoner civil rights actions."  *Aiken v. U.S. District Court Prosecutor, Miss Adams*, No. 5:13cv384-JES-PRL, at p. 2 n.1 (M.D. Fla. Aug. 19, 2013).

[2] Plaintiff's complaint and statement of facts is difficult to comprehend and piece together into a coherent version of events.

2.      That the clerk be directed to close the file.

DONE AND ORDERED this 3rd day of July, 2014.


/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**